UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN PIE PIZZ, INC. f/k/a
AMERICAN PIE PIZZA AND SALADS,
INC.

                                                              Case Number: 2:10-cv-13106-PBD-PJK

                   Plaintiff,

                                                Paul D. Borman
v.                                         United States District Judge

HOLTON HOLDINGS, INC., doing business
as AMERICAN PIE PIZZA

                   Defendant.

_____/

## OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION ON DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

       This matter comes before the Court on Plaintiff American Pie Pizza's ("American Pie" or "Plaintiff") motion for reconsideration of this Court's January 31, 2011 Order granting Defendant Holton Holdins, Inc.'s ("Defendant") motion to dismiss for lack if personal jurisdiction (Dkt. No. 13). (Dkt. No. 15.) For the following reasons, the Court DENIES Plaintiff's motion for reconsideration.

I.      **BACKGROUND**

       On January 31, 2011, this Court issued an Order and Opinion granting Defendant's motion to dismiss. (Dkt. No. 13.) The Court held Plaintiff could not demonstrate that Defendant had "expressly aimed" its activities toward the State of Michigan, and therefore failed to establish that Defendant purposefully availed itself of acting or causing consequences in the State of Michigan

1

under the "effects test," first articulated by the Supreme Court in *Calder v. Jones*, 465 U.S. 783, 789

(1984). Defendant now contends that this constituted a palpable defect for failing to consider other

factors which tended to demonstrate that Defendant was individually targeting Plaintiff.

## II.    STANDARD OF REVIEW

Motions for reconsideration are governed by E.D. Mich. LR 7.1(h)(3), which states in

pertinent part:

> Generally, and without restricting the court's discretion, the court will not grant
> motions for rehearing or reconsideration that merely present the same issues ruled
> upon by the court, either expressly or by reasonable implication. The movant must
> not only demonstrate a palpable defect by which the court and the parties and other
> persons entitled to be heard on the motion have been misled but also show that
> correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable,

manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich.

2001). A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke

v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich.1997). "A motion for reconsideration which presents

the same issues already ruled upon by the court, either expressly or by reasonable implication, will

not be granted." *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D.

Mich.2001).

## III.    ANALYSIS

In Plaintiff's brief in support of its motion for reconsideration of dismissal, Plaintiff claims

it was palpable error for the Court to rely on dicta in *Providers Access & Savings Systems, Inc. v.

Regence Group, Inc.*, No. 06-15367, 2007 WL 1106145 (E.D. Mich. Apr. 12, 2007) and to fail to

"fully develop other relevant factors that demonstrated Defendant 'expressly aimed' its activities

at the State of Michigan." (Pl.'s Mot. 4-5.) Plaintiff again directs the Court to another unpublished case from the Eastern District of Michigan, *Lifestyle Lift Holding, Inc. v. Marylnad Plastic Surgery Associates, LLC*, which it claims it directly on point. (*Id.* at 10.)

The Court, however, carefully considered *Lifestyle Lift*, but chose to align itself with those authorities suggesting that knowledge of where the trademark holder resides does not constitute the "something more" required under the effects test. *See, e.g.*, *Providers Access*, 2007 WL 1106145, at *7; *Visage Spa v. Salon Visage, Inc.*, No. 06-10756, 2006 WL 2130512, at *11 (E.D. Mich. July 28, 2006). While *Lifestyle Lift* does directly support Plaintiff's position, it is not binding authority on this court. Plaintiff's motion for reconsideration "merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication," in its Order granting Defendant's motion to dismiss. *See Greatdomains.com*, 177 F. Supp. 2d at 632. Plaintiffs have failed to demonstrate a palpable defect by which the Court and the parties have been misled.

## IV.    CONCLUSION

Accordingly, the Court DENIES Plaintiff's motion for reconsideration of dismissal. (Dkt. No. 15.)

IT IS SO ORDERED.

                                        S/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

Dated:  February 14, 2011

3

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 14, 2011.

S/Denise Goodine

Case Manager

4